Submitted on record and briefs September 6, vacated and remanded in part; otherwise affirmed November 20, 1996, petition for review denied February 4, 1997
(324 Or 560)

THOMAS P. WILSON,
*Appellant,*

*v.*

Nicholas ARMENAKIS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(94C-13225; CA A91088)

928 P2d 354

David B. Kuhns filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Erika L. Hadlock, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Pursuant to a 1983 plea agreement, petitioner pled guilty to assault in the fourth degree. He brought this post-conviction proceeding, alleging that the trial court violated his constitutional rights to due process and equal protection by accepting his guilty plea because it was not knowingly, intelligently and voluntarily made. He also alleged that his trial counsel provided constitutionally inadequate assistance by failing to inform and advise him during his guilty plea. The post-conviction court denied relief.

On appeal, petitioner argues that the post-conviction court erred. Our review of a post-conviction proceeding is limited to errors of law and whether the facts found by the post-conviction court are supported by the record. *Temple v. Zenon*, 124 Or App 388, 393, 862 P2d 585 (1993). The evidence at the post-conviction hearing, including the trial transcript and trial counsel's affidavit, supports the post-conviction court's findings that petitioner executed a plea petition that set out the rights that he was waiving, that trial counsel read the petition to petitioner before he entered his guilty plea[1] and that, before accepting the plea, the trial court assured itself that petitioner's plea was knowing, voluntary and intelligent. The court did not err in denying post-conviction relief.

Petitioner also assigns error to the post-conviction court's imposition of sanctions pursuant to ORCP 17. ORCP 17 was amended by the 1995 Legislature with an effective date of September 9, 1995.[2] The amendments include the

---

[1] Petitioner testified that his counsel did not read the petition to him. The post-conviction court found that petitioner's testimony was not credible.

[2] Before the amendments, ORCP 17 C provided:

"If a pleading, motion or other paper is signed in violation of this rule, the court upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee."

ORCP 17 A provided that a signature to a pleading attested to the fact that the pleading is

"well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is

requirement that, when a court seeks to impose sanctions on its own motion, the court must direct the party or attorney to appear before the court to show cause why the sanctions should not be imposed. ORCP 17 D(2).

Defendant concedes that the post-conviction court erred in awarding sanctions by failing to follow the procedure specified in the amended version of ORCP 17, because the court made its award after the amended version had taken effect. He notes that plaintiff did not raise the error at trial or on appeal, but asks that we remand the case to permit the trial court to reconsider its sanctions award if we treat the error as one that is apparent on the face of the record. ORAP 5.45(2). Because defendant raises the error and concedes it, we exercise our discretion to address it. Accordingly, we vacate the award of sanctions and remand for further proceedings under ORCP 17.

Judgment for sanctions vacated and remanded for further proceedings; otherwise affirmed.

---

not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."