Submitted November 19, affirmed December 16, 2009, petition for review denied March 4, 2010 (348 Or 13)

ARIN LYNN UMBERGER,
*Petitioner-Appellant,*

*v.*

Stan CZERNIAK,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
02C12135; A135072

222 P3d 751

James N. Varner filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Leonard, Judge pro tempore.

PER CURIAM

## PER CURIAM

■ Petitioner appeals a judgment denying his amended petition for post-conviction relief. Petitioner contends that he is entitled to relief because he received constitutionally inadequate assistance of counsel during his 1998 criminal trial for sodomy and sexual abuse. He argues that his trial counsel was inadequate when his counsel (1) failed to request an OEC 104 hearing regarding the qualifications of the state's witness, Dr. Bays, to testify about whether the victim had been sexually abused, and (2) failed to challenge Bays's qualifications to testify as an expert. We review for errors of law appearing on the record, ORS 138.220, and affirm.

■ To prevail on a claim of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, petitioner has the burden of showing, by a preponderance of the evidence, "facts demonstrating that his criminal trial counsel failed to exercise reasonable professional skill and judgment and that counsel's failure had a tendency to affect the result of his criminal trial, that is, that petitioner suffered prejudice as a result." *Cunningham v. Thompson*, 186 Or App 221, 225, 62 P3d 823, *modified and adh'd to on recons*, 188 Or App 289, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004). A claim of inadequate assistance of counsel under the Sixth Amendment to the United States Constitution requires a similar showing. *See Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

At the time of petitioner's 1998 trial, the rule regarding expert testimony as to a diagnosis of child sexual abuse was exemplified in *State v. Wilson*, 121 Or App 460, 465-66, 855 P2d 657, *rev den*, 318 Or 61 (1993). There, we held that the trial court did not err in admitting expert testimony—also by Bays—that diagnosed the child as a victim of sexual abuse. In that case, as in this case, there was no physical evidence of abuse. *Id.* at 462. Yet, we stated:

> "Although, if believed, Bays' testimony supported the child's testimony, that does not render it a *direct* comment on the child's credibility. * * * A medical doctor is not precluded from testifying as to her medical diagnosis simply

because the jury may infer from that testimony that another witness is or is not telling the truth."

*Id.* at 465 (emphasis in original); *see also State v. Sanchez-Cruz*, 177 Or App 332, 342, 33 P3d 1037 (2001), *rev den*, 333 Or 463 (2002) (holding that the methodology followed by Bays in reaching her diagnosis of child sexual abuse was reliable scientific evidence and it was not error to admit such evidence). Only recently, in *State v. Southard*, 347 Or 127, 142, 218 P3d 104 (2009), did the Oregon Supreme Court hold differently. The question on review in that case was "whether a diagnosis of 'sexual abuse'—*i.e.*, a statement from an expert that, in the expert's opinion, the child was sexually abused— is admissible in the absence of any physical evidence of abuse." The court held that, "where, as here, that diagnosis does not tell the jury anything that it could not have determined on its own, the diagnosis is not admissible under OEC 403." *Id.*

█ To render assistance that is constitutionally adequate, trial counsel need not be clairvoyant. Given the state of the law prior to *Southard*, petitioner's trial counsel did not fail to exercise reasonable professional skill and judgment at petitioner's 1998 trial when counsel failed to request an OEC 104 hearing or to object to Bays's qualifications as an expert.

Affirmed.