Argued and submitted January 7, affirmed February 17, petition for review denied June 24, 2010 (348 Or 461)

## JEFFREY ALBERT BALOGH,
*Petitioner-Appellant,*

*v.*

## Nancy HOWTON,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
07C13223; A139239

227 P3d 757

Jason E. Thompson argued the cause for appellant. With him on the briefs was Ferder Casebeer French & Thompson, LLP.

Jeremy C. Rice, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Wollheim, Presiding Judge, and Sercombe, Judge, and Deits, Senior Judge.

PER CURIAM

**PER CURIAM**

Petitioner appeals a judgment denying his petition for post-conviction relief. He contends, in part, that, in the underlying criminal case, he received constitutionally inadequate assistance of counsel because his trial counsel failed to "challenge the admissibility of the state's expert witness's 'diagnosis' of sexual abuse[.]" That assignment of error is controlled by our recent decision in *Umberger v. Czerniak*, 232 Or App 563, 222 P3d 751 (2009) (trial counsel did not render constitutionally inadequate assistance where, before the Oregon Supreme Court rendered its decision in *State v. Southard*, 347 Or 127, 218 P3d 104 (2009), counsel failed to object to expert's qualifications to testify about whether the victim had been sexually abused). As in *Umberger*, we conclude here that petitioner's trial counsel did not fail to exercise reasonable professional skill and judgment when counsel failed to object to the expert testimony at issue. We reject petitioner's other assignments of error without discussion.

Affirmed.