Argued and submitted December 19, 2014, affirmed February 25, 2015

CHRISTOPHER HAGBERG,
*Petitioner-Appellant,*

*v.*

Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV101331; A152066

344 P3d 1118

Michael R. Levine argued the cause for appellant. With him on the briefs was Matthew G. McHenry.

Greg Rios, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

GARRETT, J.

**GARRETT, J.**

In this post-conviction case, petitioner argues that he was deprived of adequate assistance of counsel in his underlying prosecution for rape, sodomy, unlawful sexual penetration, and sexual abuse. The post-conviction court denied the petition, concluding that petitioner had failed to show that his trial counsel was deficient. On appeal, petitioner raises three assignments of error in which he contends that his trial attorney should have objected to (1) the admission of hearsay evidence, (2) the prosecutor's "vouching" for the victim's credibility, and (3) the trial court's imposition of consecutive sentences. We write to address only the first assignment of error, regarding the admission of hearsay testimony.[1] For the reasons set out below, we affirm the judgment of the post-conviction court.

Article I, section 11, of the Oregon Constitution provides criminal defendants with the right to adequate legal representation, a right that is violated when a defendant's trial counsel fails to "exercise reasonable professional skill and judgment" and the defendant is prejudiced as a result. *Kincek v. Hall*, 217 Or App 227, 235, 175 P3d 496 (2007). In a post-conviction proceeding, a petitioner has the burden of proving such a violation by a preponderance of the evidence. *Id.* A similar standard for effective assistance of counsel applies to claims brought under the United States Constitution. *See Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984). We review post-conviction proceedings for legal error, *Chew v. State of Oregon*, 121 Or App 474, 476, 855 P2d 1120, *rev den*, 318 Or 24 (1993), and accept a post-conviction court's factual findings if there is evidence to support them. *Brock v. Wright*, 98 Or App 323, 326, 778 P2d 999 (1989).

Petitioner was convicted in 2005 of two counts of first-degree rape, ORS 163.375; three counts of first-degree sodomy, ORS 163.405; one count of first-degree unlawful

---

[1] We reject petitioner's second assignment of error without published discussion. With respect to petitioner's third assignment of error, we remark only that petitioner has failed to prove that he was prejudiced by his counsel's decision not to object to the trial court's failure to make the specific factual findings necessary to justify the imposition of consecutive sentences. The record is clear that the two instances of first-degree rape occurred on different occasions.

sexual penetration, ORS 163.411; and two counts of first-degree sexual abuse, ORS 163.427.[2] The victim, M, was the daughter of petitioner's girlfriend and was eight-years old at the time of trial.

Approximately one month before trial, the prosecutor sent petitioner's trial counsel a notice pursuant to OEC 803(18a)(b). The letter stated, in relevant part, "I am providing you notice of the state's intent to introduce statements of the victim in the above entitled case at trial pursuant to [OEC 803(18a)(b)]. These statements have been previously provided to you via discovery." The letter did not include any detail about the statements that the state intended to introduce. At trial, the state introduced a DVD recording of M's interview at a child advocacy center. The recording contained several statements in which M described various acts by petitioner. Petitioner's attorney did not object to the admission of the DVD, which was played for the jury. In addition to the DVD, the state presented testimony from M's older sister, A, in which A described several statements that M had made to A about what petitioner had done to M. Petitioner's attorney did not object to that testimony on hearsay or other grounds.

In his post-conviction petition, petitioner alleged that his counsel should have objected to the foregoing hearsay evidence on the ground that the state failed to give sufficient notice of its intent to use that evidence under OEC 803(18a)(b). That rule provides, in relevant part:

"A statement made by a person concerning an act of [sexual] abuse * * * is not excluded [by the hearsay rule] if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made * * *. * * * No statement may be admitted under this paragraph unless the proponent of the

---

[2] On direct appeal, we affirmed petitioner's convictions without opinion. *State v. Hagberg*, 211 Or App 712, 156 P3d 174 (2007). The Supreme Court allowed review and is initially vacated the convictions. *State v. Hagberg*, 345 Or 161, 190 P3d 1209 (2008). The Supreme Court then reconsidered its decision, withdrew its opinion in light of *Oregon v. Ice*, 555 US 160, 129 S Ct 711, 172 L Ed 2d 517 (2009), and affirmed the decision of the Court of Appeals and the judgment of the trial court. *State v. Hagberg*, 347 Or 272, 274, 220 P3d 47 (2009).

statement makes known to the adverse party the propo-
nent's intention to offer the statement and the particulars
of the statement no later than 15 days before trial, except
for good cause shown."

Petitioner's theory is that, although the state did provide a
notice under OEC 803(18a)(b), that notice was inadequate
because it failed to identify "the particulars" of the state-
ments that the state planned to introduce. Thus, according
to petitioner, if his counsel had made the appropriate objec-
tion, the trial court would have been required to exclude the
evidence; furthermore, because that evidence was central to
the state's case, its erroneous admission was prejudicial to
petitioner.

In the post-conviction proceeding, the state pre-
sented deposition testimony from petitioner's trial counsel,
Diment, explaining why he did not make the objection.
Diment testified that, at the time, he did not need any addi-
tional information from the state because, under the circum-
stances of the case, it was clear what hearsay evidence the
state planned to introduce. Diment also testified that he had
made motions in other cases for more particularity under
OEC 803(18a)(b) and that those motions had been unsuc-
cessful; Diment believed that a motion would similarly have
failed in this case.

Petitioner presented evidence from an expert wit-
ness, Reese, a criminal defense lawyer, who testified that by
the time of petitioner's trial, compliance with OEC 803(18a)(b)
was a subject of discussion within the criminal defense bar,
and that defense lawyers were making motions pursuant to
that rule in other cases.

In ruling against petitioner, the post-conviction
court made the following findings:

"Attorney [Diment] testifies that notice in this case
[was] within the local practice. He knows this judge and
knew he hadn't ever won this motion. He also testifies
that he was not surprised by the testimony at trial, had
prepared his case knowing it would come in. An objection
would have been form over substance. If it were going to
be raised, any trial judge would expect it to be raised pre-
trial, not when the evidence is offered. If [the] court had

looked at any remedy other than exclusion (and that is the likely response), att[orney] would have had to admit that he didn't need more time to prepare to defend against it, that he was ready to go. The purpose of the notice had been served, even if the letter wasn't. Did not result in an unfair trial and did not [result in] prejudice [to] the pet[itioner] since this court feels strongly that it would have been denied. (This case was tried before the 2011 Chase case.)"

As indicated in the post-conviction court's findings, the scope of the requirement under OEC 803(18a)(b) was addressed by this court in *State v. Chase*, 240 Or App 541, 248 P3d 432 (2011). The holding in *Chase*, as explained below, is consistent with petitioner's interpretation of what OEC 803(18a)(b) requires. Petitioner's trial, however, occurred six years earlier, in 2005. Thus, to succeed on his claim that his counsel acted unreasonably, petitioner cannot merely argue that his counsel could have made a winning argument under *Chase*. Petitioner must show that, based on the law as it existed at the time of his trial, any reasonably competent defense attorney would have made the argument that was ultimately deemed meritorious in *Chase. See Mesta v. Franke*, 261 Or App 759, 782-83, 322 P3d 1136 (2014) ("Although it is tempting * * * to say that competent counsel would have raised the argument that was eventually deemed meritorious by the Supreme Court, we must make every attempt to not analyze counsel's performance with the benefit of hindsight."); *Umberger v. Czerniak*, 232 Or App 563, 565, 222 P3d 751 (2009), *rev den*, 348 Or 13 (2010) ("To render assistance that is constitutionally adequate, trial counsel need not be clairvoyant."). Petitioner cannot make that showing.

At the time of petitioner's 2005 trial, we had recently issued several decisions involving claims that the state violated OEC 803(18a)(b). In *State v. Iverson*, 185 Or App 9, 15, 57 P3d 953 (2002), *rev den*, 335 Or 655 (2003), the state provided an OEC 803(18a)(b) notice 12 days before trial. The defendant objected unsuccessfully to the proposed evidence on the ground that the state had failed to give 15 days' advance notice, as the rule requires. *Iverson*, 185 Or App at 11. On appeal, we devoted the bulk of our opinion to addressing the parties' arguments about whether, for

the purposes of the statute's "15 days before trial" notice requirement, a trial commences when a court begins to consider preliminary matters or, rather, when the jury is sworn. We also, however, considered and rejected the state's argument that the defendant had not been prejudiced by the late notice. We explained that "[t]hat argument ignores the literal words of the rule, which provide that '[n]o statement may be admitted' unless the 15 days notice is given. The statute does not authorize any other sanction for the violation of the rule than that the evidence is not admissible if the notice requirement is not satisfied." *Id.* at 15-16. Thus, *Iverson* supports one piece of defendant's argument here— that the only remedy for violation of the rule is the exclusion of the evidence.

Shortly afterward, in *State v. McKinzie*, 186 Or App 384, 63 P3d 1214, *rev den*, 336 Or 16 (2003), we considered another untimely OEC 803(18a)(b) notice. The state argued that, notwithstanding the late notice, defense counsel had long known what hearsay statements the state had planned to offer because those statements were contained on a videotape that had been provided to defense counsel more than eight months before trial. *Id.* at 390. The state contended that, under those circumstances, the prosecutor had "satisfied her duty under the rule to make known her intention to offer the statement." *Id.* (quotation marks omitted). We rejected that view:

> "The legislature could have provided that affording discovery was adequate to satisfy the rule. Instead, however, it required the offering party to *make known its intention to offer the evidence at trial* at least 15 days before trial. Contrary to the trial court's ruling, the fact that defendant received discovery of the out-of-court statements of the victim does not satisfy the rule's requirement. Consequently, unless an exception applies, the rule must be given efficacy, and it follows that defendant's convictions must be reversed."

*Id.* at 391 (emphasis in original).

In two more cases decided in 2003, we addressed violations of OEC 803(18a)(b). In *State ex rel Juv. Dept. v. Sauer*, 189 Or App 78, 84, 73 P3d 293 (2003), the state

argued that, although its notice was untimely, the trial court had discretion to admit the evidence under the "good cause" exception if the evidence was especially probative or valuable for another reason. We disagreed, explaining that "'in the context of OEC 803(18a)(b), "good cause" exists when there is good cause for *not giving* the notice.'" *Id.* (quoting *McKinzie*, 186 Or App at 395) (brackets omitted; emphasis in *McKinzie*). We also rejected the state's view that the error was harmless because the defendant had admitted that he had been provided with the statements in discovery and was ready to proceed. We concluded, in reliance on *McKinzie* and *Iverson*, that because "the sanction for lack of notice is that 'no statement may be admitted' * * *, the question is not whether the delay caused harm but whether the admitted evidence did." *Id.*

Finally, in *State v. Leahy*, 190 Or App 147, 78 P3d 132 (2003), we rejected once again the idea that a defendant's "implicit knowledge" or "implicit notice" based on the state's provision of discovery were sufficient to satisfy the requirements of OEC 803(18a)(b). *Id.* at 150-51 ("Rather, as promulgated by the legislature, the rule requires an additional act beyond furnishing a list of witnesses as part of the discovery process. The notice must convey that the proponent intends to offer the statements, and the notice must identify the particular statements that the proponent seeks to introduce.").

Taken together, the foregoing cases establish several propositions that would have been known to reasonably competent criminal defense attorneys at the time of petitioner's 2005 trial. First, strict compliance with the 15-day notice requirement is required; even a delay of two or three days will constitute a violation. Second, the state cannot satisfy the duty to make known its "intention" to offer hearsay statements merely by providing them in discovery; the state must take the additional act of giving notice under the rule. Third, the "good cause" exception in OEC 803(18a)(b) is relevant only to the reasons why the state failed to give the required notice; it does not operate to negate the state's failure whenever the evidence is particularly important. Fourth, the sole remedy for violation of the rule is exclusion of the evidence; thus, to establish prejudice, a defendant

need only demonstrate that the admitted evidence was not harmless.

What makes petitioner's case materially different from *Iverson, McKinzie, Sauer,* and *Leahy* is that the state, in his case, provided a timely notice under OEC 803(18a)(b). It is undisputed that the prosecutor sent a notice to defendant's attorney "approximately one month" before the trial. The issue in petitioner's case is the alleged deficiency in the *content* of the notice. Although our cases in 2002 and 2003 had quoted the requirement of the rule that the notice give "the particulars of the statement," the level of particularity that is required had not been at issue in any of those cases, which were resolved on the simpler ground that the state had not given timely notice at all. Nothing in those cases, therefore, would have clearly told petitioner's trial counsel that he could lodge a successful objection to the state's notice even though it had been provided on time, and even though he knew exactly what evidence the state intended to offer.

Petitioner's argument relies heavily on *Chase*, which we decided in 2011. In that case, the state provided the defendant with approximately 53 pages of discovery, including interview transcripts in which the victims described acts of abuse. 240 Or App at 544. The state provided a timely OEC 803(18a)(b) notice that stated, "The foregoing and subsequent reports contain particulars of statements made by the victim that the State intends to offer." *Id.* (brackets omitted). The defendant objected to the evidence on the ground that the notice had "merely referred to the discovery and had not identified particular statements." *Id.* at 545. The trial court ruled that the state's notice was sufficiently particular under OEC 803(18a)(b). We reversed:

> "Here, the state is correct that it did more than merely provide discovery, but not much more—it also notified defendant that it intended to offer hearsay statements contained in the discovery, but did not identify specifically which statements it would offer. OEC 803(18a)(b) requires that the state give notice of the *particulars* of the statements. *Webster's Third New Int'l Dictionary* 1647 (unabridged ed 2002) defines a 'particular' as 'an individual fact, point, circumstance, or detail * * * specific item of information.' There were multiple hearsay statements in the 53 pages

of discovery. It was not sufficient for the state to notify defendant of its intention to potentially offer any of those statements. Although we agree with the trial court and the state that the notice was not required to set forth the statements verbatim, simply providing discovery and notice of an intention to offer at trial hearsay statements contained in discovery is not sufficient. We conclude that the rule's requirement that the proponent identify the particulars of the statement requires at a minimum that the state identify in its notice the substance of the statement sought to be introduced and also identify the witness or the means by which the statement would be introduced."

*Id.* at 546-47. Since deciding *Chase*, we have had several occasions to further consider the level of detail that the state must provide. *See, e.g.*, *State v. Phillips*, 266 Or App 240, 337 P3d 190 (2014); *State v. Ashkins*, 263 Or App 208, 327 P3d 1191 (2014); *State v. Riley*, 258 Or App 246, 308 P3d 1080, *rev den*, 354 Or 597 (2013).

*Chase*'s interpretation of the OEC 803(18a)(b) notice requirement leaves little doubt that, if petitioner's trial had occurred subsequent to *Chase*, petitioner's counsel could have successfully objected to the admission of the hearsay statements on the ground that the state's notice, as in *Chase*, did nothing more than refer petitioner to information that had been provided in discovery. Of course, *Chase* was not available to petitioner's counsel in 2005. Nevertheless, petitioner argues that the core "principles" of *Chase* "had been announced and expounded upon by the Court of Appeals well before trial in Petitioner's case. *Chase* broke no new ground." But it did. No prior appellate decision had addressed the situation posed by petitioner's case, *viz.*, whether the state's OEC 803(18a)(b) notice, although timely, may still be insufficient based on vagueness. Thus, the 2011 holding in *Chase* would not have been known to a defense lawyer in 2005.

Petitioner argues that the core principle of *Chase* is more basic—that OEC 803(18a)(b) must be strictly complied with—and had already been established in 2002 and 2003 in *Iverson* and *McKinzie*. We agree that a reasonable defense attorney in 2005 certainly could have argued that the logic of *Iverson* and *McKinzie* should be extended to situations where the notice is timely but insufficiently particular.

But the question in this post-conviction case is whether a reasonably competent defense attorney would have made that argument under the circumstances of this case. Those circumstances include the fact that petitioner's trial counsel had past experience with OEC 803(18a)(b), had made motions for more particularity under that rule and had not been successful, and was generally familiar with local practice. In addition, petitioner's counsel was aware of what evidence the state intended to introduce—and would have had to say so if questioned by the trial court in response to a motion.

In short, given the state of the law, his own experience in that trial court, and the circumstances of the case, petitioner's trial attorney could have reasonably concluded that a motion or objection under OEC 803(18a)(b) would not only have failed but would have cost him credibility with the court, to the detriment of his client. Accordingly, we cannot conclude that every reasonable defense attorney would have objected to the admission of the hearsay evidence. The post-conviction court did not err.

Affirmed.