NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICKEY LEE PEARCE,

               Petitioner-Appellant,

  v.

MARK NOOTH,

               Respondent-Appellee.

No. 17-35326

D.C. No. 2:15-cv-01256-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted July 10, 2018
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[**] District
Judge.

Rickey Lee Pearce ("Appellant") appeals the denial of his application for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court issued a

certificate of appealability on the issue of whether trial counsel rendered

ineffective assistance by failing to object to the prosecution's notice of intention to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

rely on child hearsay under Rule 803(18a)(b) of the Oregon Evidence Code. *See* Or. Rev. Stat. § 40.460(18a)(b). We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We review de novo the district court's denial of Appellant's § 2254 application and review for clear error the district court's findings of fact. *Runningeagle v. Ryan*, 686 F.3d 758, 766 (9th Cir. 2012).

Under the Antiterrorism and Effective Death Penalty Act of 1996, habeas relief is available with respect to a claim adjudicated on the merits in state-court proceedings if the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). For relief to be available under § 2254(d)(2), the state court's factual determination must have been "not merely wrong" but "*objectively* unreasonable." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012) (internal quotations omitted). Although we presume state-court factual determinations to be "correct absent clear and convincing evidence to the contrary," this deference "does not imply abandonment or abdication of judicial review" and "does not by definition preclude relief." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

We look to the state post-conviction court's decision denying post-conviction relief, as it is the last reasoned state-court opinion on the claim at issue. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Ortiz v. Yates*, 704 F.3d 1026,

2

1034 (9th Cir. 2012). The state post-conviction court accepted at face value an affidavit filed by Appellant's trial counsel, in which trial counsel stated that she was not confused about which hearsay statements the prosecution intended to offer or how the statements would be introduced, and that there "were no surprises at trial in that regard." The court then found that lack of particularity in the prosecution's Rule 803(18a)(b) notice would not likely have resulted in exclusion of the hearsay statements at issue "[i]f the defense was not surprised, if it knew all of the statements, [and if it] knew what witnesses would be called." Because it found that a particularity objection would not likely have resulted in exclusion, the court also found that trial counsel's failure to raise such an objection did not constitute inadequate assistance.

The state post-conviction court's determination that trial counsel knew all of the hearsay statements that the prosecution would introduce at trial was objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. § 2254(d)(2). Trial counsel's affidavit is an *ex post facto* justification for her failure to object that simply cannot be reconciled with the prosecution's Rule 803(18a)(b) notice or with the trial transcript. The prosecution elicited a plethora of hearsay statements during Appellant's trial. The Rule 803(18a)(b) notice did not identify any specific statements, nor did it indicate where any of the statements could be found in the discovery disclosed by the prosecution or in the

3

reports ordered by the defense. Among the numerous and varied hearsay statements introduced at trial, the prosecution elicited hearsay and double hearsay statements made by Antoinette O'Keefe to Deputy John Williams and Julie Siepmann. The prosecution's Rule 803(18a)(b) notice did not indicate any intention of introducing hearsay statements made by Ms. O'Keefe. Given the vast quantity of hearsay statements elicited at trial and the deficiencies in the prosecution's perfunctory Rule 803(18a)(b) notice, it simply was not possible for trial counsel to discern from the notice which hearsay statements the prosecution intended to offer and the manner in which they would be introduced.

Because the state court's rejection of Appellant's ineffective assistance of counsel ("IAC") claim was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding, habeas relief is available under § 2254(d)(2), and we evaluate the merits of Appellant's IAC claim de novo. *See Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014). A Sixth Amendment IAC claim requires a showing of both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 688. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

4

the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Because trial counsel could not have identified from the prosecution's Rule 803(18a)(b) notice which hearsay statements would be introduced at trial, an objection to lack of particularity in the notice would have been meritorious under state law as it existed at the time of Appellant's trial. *See* Or. Rev. Stat. § 40.460(18a)(b) (proponent must make known "the particulars of the statement[s]"); *State v. Leahy*, 78 P.3d 132, 135 (Or. Ct. App. 2003) ("the notice must identify the particular statements that the proponent seeks to introduce"); *see also State v. Olsen*, 185 P.3d 467, 469-70 (Or. Ct. App. 2008) (reversing a defendant's conviction based on lack of particularity in Rule 803(18a)(b) notice).[1] As of the date of Appellant's trial, the Oregon Court of Appeals had established that exclusion is the only authorized sanction for a violation of the notice requirement of Rule 803(18a)(b). *See State v. Iverson*, 57 P.3d 953, 957 (Or. Ct. App. 2002). Accordingly, trial counsel failed to make an objection that, if raised, would have led to the exclusion of a plethora of damaging hearsay statements. Her failure to

---

[1] In *Hagberg v. Coursey*, the Oregon Court of Appeals found that nothing in its cases prior to 2005 would have clearly put a defense attorney on notice that a particularity objection could be successful even if the defense attorney "knew exactly what evidence the state intended to offer." 344 P.3d 1118, 1122 (Or. Ct. App. 2015). *Hagberg* is distinguishable from the present case because in this case, as discussed above, Appellant's trial counsel could not have known exactly what evidence the prosecution intended to offer. Furthermore, *Hagberg* discussed state law as of 2005 and did not analyze *Olsen*.

object fell below an objective standard of reasonableness.

If trial counsel had objected to lack of particularity in the prosecution's Rule 803(18a)(b) notice, the hearsay statements would have been excluded, and there is a reasonable probability that the result of Appellant's trial would have been different.[2]  Appellant's convictions rested entirely on the statements of F.O. and M.O.  There was no physical evidence of sexual abuse and no eyewitnesses to any such abuse.  The trial judge referenced the hearsay statements at issue repeatedly in explaining his findings of guilt, and he relied heavily upon them as corroborating the credibility of the prosecution's trial witnesses.  If the hearsay statements had been excluded, there is a reasonable probability that the trial judge would have instead credited Appellant's testimony that the sunscreen incident was an innocent misunderstanding.  The probability of a different outcome is high enough to "undermine confidence in the outcome" of Appellant's trial.  *Strickland*, 466 U.S. at 694.  Accordingly, we reverse the district court's denial of habeas relief and remand for the district court to grant a conditional writ of habeas corpus instructing the State that it must either retry Appellant within an appropriate period to be

---

[2] Because the state court did not reach the issue of whether the result of Appellant's trial would have been different if the hearsay statements had been excluded, our review of that issue is de novo.  *See Porter v. McCollum*, 558 U.S. 30, 39 (2009) (per curiam); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *see also Brumfield v. Cain*, 135 S. Ct. 2269, 2282-83 (2015).

determined by the district court or release him from custody.[3]

**REVERSED and REMANDED.**

---

[3] Appellant's Motion to Take Judicial Notice [ECF No. 8] is **DENIED**, as the Register of Actions at issue in the Motion was not part of the district court record and is not directly related to the proceedings in this case. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).