Submitted March 4, affirmed April 20, petition for review denied July 28, 2022
(370 Or 197)

TRIVONNE JAY BARNETT,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Columbia River Correctional Institution,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV41065; A174841

509 P3d 748

Patricia A. Sullivan, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Police found incriminating evidence in petitioner's backpack when they searched it after placing him into custody. The search was warrantless, and petitioner had an arguably meritorious argument that no warrant exception adequately permitted the search. Ultimately, petitioner pleaded guilty, then filed for post-conviction relief, arguing that trial counsel was ineffective and inadequate for failing to litigate a motion to suppress prior to petitioner accepting the plea offer from the state. The post-conviction court concluded that trial counsel was not ineffective. We affirm.

Generally, to demonstrate inadequate assistance, a petitioner must show that "every reasonable defense attorney would have" pursued a particular strategy. *Hagberg v. Coursey*, 269 Or App 377, 386-87, 344 P3d 1118 (2015). When addressing a plea offer, "defense attorneys must make careful strategic choices in balancing opportunities and risks." *Premo v. Moore*, 562 US 115, 124, 131 S Ct 733, 178 L Ed 2d 649 (2011). Accordingly, "strict adherence to the *Strickland* standard [is] is all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Id.* at 125. We do not view counsel's performance through "'the distorting lens of hindsight.'" *Owen v. Taylor*, 287 Or App 639, 651, 404 P3d 1021 (2017) (quoting *Johnson v. Premo*, 361 Or 688, 700, 399 P3d 431 (2017)). "[A]n after-the-fact assessment [is] counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered." *Moore*, 562 US at 126.

Here, the post-conviction court considered the affidavit of defense counsel, which stated:

"While a plea offer had been extended to [petitioner], I did not believe it was a reasonable offer and informed the Deputy District attorney of my dissatisfaction. I encouraged the DDA to make a realistic offer and I advised him that I thought there was a meritorious argument that the search of the vehicle and backpack was improper and subject to a motion to suppress. We exchanged arguments and authorities on the issue while we also discussed settlement. (See exhibits 2, 3, 4, and 5 attached which are true and accurate copies of emails exchanged.) I advised [petitioner] that I would file motions to suppress if we proceeded to trial as

well as any other motions that were appropriate. I advised him that we would have the right to cross-examine the witnesses, call our own witnesses, if any, and [petitioner] had the right to testify. [Petitioner] wanted me to continue to seek a favorable plea agreement."

Additionally, the post-conviction court considered the affidavit from the prosecutor, which stated, in part:

"[Trial counsel] was using the threat of a motion to suppress as leverage to obtain a better offer and was able to provide me with the case law he had researched on that issue. Although I believed that [the] state would prevail on a motion to suppress, in order to ensure certainty by a way of a plea, versus having to litigate the legal and factual issues, I believed it was in the best interest of the state to accept [trial counsel's] request."

In light of that evidence, counsel's strategy to delay the filing of a motion to suppress until trial and use that leverage to extract plea concessions was not just far from constitutionally inadequate, it was effective. Petitioner has not demonstrated deficient performance by counsel under either the state or federal constitutions, and the post-conviction court did not err in so concluding.

Affirmed.