*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted October 26, affirmed November 23, 2022, petition for review denied February 23, 2023 (370 Or 789)

TYLER LOPEZ,
*Petitioner-Appellant,*

*v.*

Garrett LANEY,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV35204; A174827

J. Burdette Pratt, Senior Judge.

Raymond Tindell filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. On appeal, he raises four assignments of error, contending that the post-conviction court erred in denying relief, because (1) his trial counsel failed to ensure his guilty plea was knowing, voluntary, and intelligent; (2) his trial counsel failed to present mitigating evidence; (3) his trial counsel failed to move to suppress certain statements that petitioner made to police; and (4) his sentence of 513 months' prison is unconstitutionally disproportionate. We affirm.

"We review the post-conviction court's denial of relief for legal error," and "we are bound by the post-conviction court's findings of historical fact if those findings are supported by the evidence in the record." *Cartrette v. Nooth*, 284 Or App 834, 840, 395 P3d 627 (2017).

Petitioner's first through third assignments of error involve claims that his trial counsel was "inadequate" under Article I, sections 9, 10, 11, 13, and 20, of the Oregon Constitution and "ineffective" under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. A petitioner claiming inadequate assistance of counsel under the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that [1] trial counsel failed to exercise reasonable professional skill and judgment and that [2] petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). The standard under the United States Constitution for assessing whether counsel was constitutionally ineffective is "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-8, 322 P3d 487 (2014); *see also McDonnell v. Premo*, 309 Or App 173, 185, 483 P3d 640 (2021), *rev den*, 369 Or 507 (2022) ("[T]he state and federal tests for establishing prejudice are functionally similar.").

In his first assignment of error, petitioner argues that the post-conviction court erred in denying relief, because his trial counsel was inadequate and ineffective for failing to adequately communicate with him, such that his guilty plea was not knowing, voluntary, and intelligent. The evidence at the post-conviction hearing—including

petitioner's plea agreement, the trial transcript, and trial counsel's deposition testimony—supports the post-conviction court's findings that petitioner was satisfied with trial counsel's work on his case; that petitioner had read and understood his plea agreement; that he and trial counsel had discussed the plea agreement "in great detail" and "conferred extensively" about his case and his options; and that petitioner knew what he was doing when he pleaded guilty. Additionally, that evidence reflects that, prior to accepting petitioner's guilty plea, the trial court assured itself that petitioner understood the plea agreement, the rights he was waiving, and the consequences of pleading guilty. Therefore, the post-conviction court did not err in denying relief on that claim. *See Wilson v. Armenakis*, 144 Or App 587, 589, 928 P2d 354 (1996), *rev den*, 324 Or 560 (1997) (rejecting post-conviction petitioner's claim that his plea was not knowing and voluntary, where post-conviction court found that the "petitioner executed a plea petition that set out the rights that he was waiving," that "trial counsel read the petition to petitioner before he entered his guilty plea," and that, "before accepting the plea, the trial court assured itself that petitioner's plea was knowing, voluntary and intelligent").

In his second assignment of error, petitioner argues that the post-conviction court erred in denying relief, because his trial counsel was constitutionally inadequate for failing to present mitigation evidence in support of a downward sentencing departure—in particular, a psychosexual evaluation. In rejecting that claim, the post-conviction court found that trial counsel had obtained a psychosexual evaluation but that, after discussing it with his trial counsel, petitioner decided not to submit that evaluation to the trial court because it was "more harmful than helpful." The post-conviction court further found that trial counsel had also obtained and submitted to the trial court several letters speaking to petitioner's good character. Those findings are supported by the deposition testimony of petitioner's trial counsel, which the post-conviction court explicitly found to be credible, and support the post-conviction court's conclusion that trial counsel had exercised reasonable skill and judgment. That testimony shows that trial counsel obtained an "extremely detailed and comprehensive sex offender

evaluation" of petitioner; that the evaluation "pretty much reinforced the idea that [petitioner] was a sexual predator"; that counsel discussed with petitioner that the evaluation would likely do more harm than good; and that petitioner decided to follow counsel's advice and not use the evaluation. That testimony further shows that trial counsel obtained 12 letters of support from petitioner's friends, family, and coworkers, which discussed petitioner's good moral character. Thus, the post-conviction court did not err in concluding that petitioner did not prove trial counsel failed to exercise reasonable professional skill and judgment regarding mitigation evidence. *See Lichau v. Baldwin*, 333 Or 350, 360, 39 P3d 851 (2002) ("[T]o be considered an exercise of professional skill and judgment, a lawyer's tactical decision * * * must involve a conscious choice by a lawyer either to take or to omit some action on the basis of an evaluation of * * * the likely costs and potential benefits of the contemplated action[.]" (Internal quotation marks omitted.)).

In his third assignment of error, petitioner argues that the post-conviction court erred in denying relief, because his trial counsel was inadequate and ineffective for failing to move to suppress certain statements that petitioner made to police. The testimony from petitioner's trial counsel—which, again, the post-conviction court explicitly found credible—supports the post-conviction court's finding that petitioner decided he did not want counsel to file the motion because he was facing up to 166 years in prison, and he was aware of the district attorney's express position that, if petitioner filed the motion to suppress, the state would be unwilling to negotiate any plea agreement. The post-conviction court therefore did not err in denying relief on that claim. *Cf. Barnett v. Brown*, 319 Or App 257, 259, 509 P3d 748, *rev den*, 370 Or 197 (2022) (rejecting post-conviction petitioner's claim that trial counsel was inadequate for failing to file motion to suppress, where counsel's decision was a strategic decision designed to obtain a better plea offer from state).

Finally, in his fourth assignment of error, petitioner argues that the post-conviction court erred in denying relief on his claim that his 513-month prison sentence is

disproportionate as applied to him in violation of Article I, section 16, of the Oregon Constitution.[1]

"The test for determining whether a sentence violates the proportionality provision in Article I, section 16, is whether the sentence is so disproportionate to the offense as to shock the moral sense of all reasonable persons as to what is right and proper." *State v. Thorp*, 166 Or App 564, 570, 2 P3d 903 (2000), *rev dismissed*, 332 Or 559 (2001). Three factors bear on that determination: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." *State v. Buckendahl*, 308 Or App 125, 128, 480 P3d 325 (2020), *rev den*, 368 Or 37 (2021).

Considering those factors, petitioner's sentence is not one that shocks the moral sense of all reasonable persons. Petitioner was convicted of nine felony offenses for conduct spanning several months and involving eight different victims, all of whom were under 18 years of age, and some of whom were under 16 years of age. Petitioner knew the victims through his trusted role as a coach for local youth baseball and basketball teams, and the conduct underlying his convictions included physical sexual contact with the victims. Petitioner's offenses included multiple "Measure 11" offenses, which are subject to mandatory minimum sentences under ORS 137.700 that are comparable to the mandatory sentences provided for other, related offenses in ORS 137.700. The sentences imposed for his other offenses— which were classified as either crime seriousness category 6 or 8—were comparable to the sentences imposed for other, related category 6 or 8 offenses. And, although petitioner had no criminal convictions prior to the criminal case at issue here, the record indicates that there was "quite a bit of evidence" of petitioner's involvement in multiple other

---

[1] Petitioner also asserts on appeal that his sentence "constitutes cruel and unusual punishment prohibited by the 8th Amendment of the US Constitution." Because petitioner does not sufficiently develop that argument, we decline to address it. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700-01 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (noting generally that "it is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself").

instances of similar, wrongful conduct—namely, the 28 additional offenses charged in the indictment but later dismissed pursuant to petitioner's negotiated plea agreement. *See State v. Lara-Vasquez*, 310 Or App 99, 110, 484 P3d 369, *rev den*, 368 Or 561 (2021) ("[A] lack of prior convictions alone has never been found to be enough to render an otherwise constitutional penalty disproportionate."); *see also State v. Davidson*, 271 Or App 719, 744, 353 P3d 2 (2015), *aff'd*, 360 Or 370, 380 P3d 963 (2016) (noting that, for purpose of evaluating whether sentence is unlawfully disproportionate, criminal history includes "evidence of multiple instances of uncharged wrongful conduct," "arrests," and "unadjudicated charges"). For those reasons, the post-conviction court did not err in concluding that petitioner's sentence would not shock the conscience of all reasonable persons.

Affirmed.