158                 March 19, 2025                 No. 241

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

HYESOOK KIM,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

Washington County Circuit Court
19CV26044; A180756

Patricia A. Sullivan, Senior Judge.

Submitted February 7, 2025.

Margaret Huntington and Equal Justice Law filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Pagán, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying her petition for post-conviction relief, raising five assignments of error. In the first four assignments, she asserts that "the post-conviction court erred when it denied relief on petitioner's claim that trial counsel was ineffective and inadequate for failing to conduct a reasonable investigation." In the fifth assignment, she asserts that "the post-conviction court erred when it denied relief on petitioner's claim that trial counsel was ineffective and inadequate for failing to use an interpreter when discussing with petitioner the decision to plead guilty and for failing to provide petitioner with a translated copy of the plea petition." With respect to each of the claims at issue on appeal, the post-conviction court determined that petitioner had failed to meet her burden of proof. Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, the petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 692, 104 S Ct 2052, 80 L Ed 2d 674 (1984). Those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to on recons*, 355 Or 598, 330 P3d 595 (2014).

*Whether a factual error in the judgment requires remand*. Before turning to our analysis of petitioner's assignments of error, we consider whether there is a factual error in the post-conviction court's judgment that requires that we remand: Petitioner points out that the post-conviction court found that petitioner was not credible, because "either she lied to the Trial Court when she admitted hitting the

victim with the golf club or she is lying now when she denies doing this."

On appeal, petitioner contends that we should reverse and remand because, contrary to the post-conviction court's statement, petitioner admitted to hitting the victim with a golf club during the post-conviction proceedings. Indeed, petitioner's theory of the case during the post-conviction proceeding was, in part, that she was innocent, because although she hit the victim with the golf club, she did so in self-defense. The state responds that, although the post-conviction court's finding related to credibility noted above was "worded imprecisely," the post-conviction court "was simply making the general observation that petitioner's assertion of innocence in post-conviction was inconsistent with her guilty plea, where she had acknowledged responsibility."

We agree with the state that one sentence in the post-conviction court's nearly eight-page judgment is "worded imprecisely," but for three contextual reasons, we disagree with petitioner that there is a factual error in the post-conviction court's ruling that requires that we remand.

Two pieces of context are petitioner's testimony during the post-conviction proceeding and the state's argument based on that evidence: During the post-conviction proceeding, petitioner was questioned during direct examination, on cross-examination, and on redirect examination about whether she caused injuries to the victim. She responded to those questions with denials, and she asserted a lack of knowledge about whether she caused the injuries at issue.

Then, during its closing argument, the state pointed to petitioner's responses to questions regarding whether she had caused the victim injuries to argue that the post-conviction court should find her not to be credible. Specifically, the state argued that petitioner's failure to "really specifically admit to causing any of the victim's injuries ***, even the less serious or perhaps more superficial ones" "adds to her lack of credibility," particularly when those denials were viewed in contrast to the statement in her plea petition that "the golf club caused physical injuries."

The third piece of context is that the post-conviction court, in its judgment, adopted the state's understanding of petitioner's post-conviction testimony, and juxtaposed that with what petitioner told the trial court during her plea. It then used that juxtaposition to determine that petitioner was not credible during the post-conviction proceeding. Specifically, in response to petitioner's claim that trial counsel provided "inadequate assistance by pressuring Petitioner to plead guilty to two counts of Assault in the Second Degree Constituting Domestic Violence, when she was not guilty of either count," the post-conviction court found petitioner "not credible" because petitioner admitted to the trial court during her plea colloquy that "she had struck the victim with the golf club," but "now denies causing any of the victim's injuries," which is "contradicted by the written plea agreement and her statements at entry of plea, as well as medical evidence."

That is, in the post-conviction judgment, we understand the post-conviction court to have agreed with the state's argument that petitioner was not credible at the post-conviction proceeding because she denied injuring the victim when she struck him with the golf club.

Just as we instruct trial courts that "appellate tag lines must be read in the context of the opinion as whole," *State v. Barajas*, 262 Or App 364, 366, 325 P3d 772 (2014), we read the post-conviction court's opinion in the context of the parties' arguments and its full explanation of its reasoning, *see Jaimez v. Rosales*, 323 Or App 741, 750, 525 P3d 92 (2023) (trial court "said enough to allow for meaningful appellate review when one views the ruling in the context of the arguments that the parties made"), *State v. Anderson*, 363 Or 392, 408, 423 P3d 43 (2018) (understanding trial court ruling that evidence was "relevant" in the context of the parties' arguments concerning relevancy). In this case, when viewed with such a context in mind, we agree with the state that there is not a factual error in the post-conviction court's ruling that requires remand.

*Petitioner's first through fourth assignments of error.* With that threshold aspect of the petitioner's arguments on appeal resolved, we conclude, with respect to petitioner's first four assignments of error, that the post-conviction

court did not err when it determined that petitioner had not established prejudice on her claims that trial counsel was ineffective and inadequate in failing to conduct a reasonable investigation.

In reaching that conclusion, we note the post-conviction court's findings that petitioner did not want to go to trial—in part because she did not want to involve her son at trial as a witness and because she was concerned about what her sentence might be if she went to trial—and that she directed her trial counsel to pursue a negotiated resolution.

We also note the post-conviction court's determinations regarding the evidence that petitioner asserts that trial counsel would have discovered had trial counsel conducted an adequate investigation regarding the legal issues set forth in her first four assignments of error, namely:

- Regarding the first assignment—that trial counsel was ineffective and inadequate in failing to obtain and translate particular emails—petitioner did not show how the information contained in the emails "would have changed the outcome or affected her decision to enter a plea";

- Regarding the second assignment of error—that trial counsel was ineffective and inadequate in not obtaining a certain handwritten note—petitioner did not show that the note "would have changed her decision to enter a plea";

- Regarding the third assignment of error—that trial counsel was ineffective and inadequate in not interviewing a former coworker of the victim—the evidence that the victim "was deceitful at work would probably not [have been] admissible at trial"; and

- Regarding the fourth assignment of error—that trial counsel was ineffective and inadequate in not providing the defense expert with translated emails and the transcript of a CARES interview—counsel *did obtain* "an appropriate psychological evaluation, by an appropriate expert" and "obtained a favorable resolution of the charges."

*See Lee v. United States*, 582 US 357, 364-65, 137 S Ct 1958, 198 L Ed 2d 476 (2017) (holding that, under the Sixth

Amendment to the United States Constitution, "when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (internal quotation marks omitted)).

That is, the evidence that trial counsel could have obtained was unlikely to have changed the outcome of a trial. *See Saroian v. State of Oregon*, 154 Or App 112, 118, 961 P2d 252 (1998) ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence would have changed the outcome of a trial." (Internal quotation marks and emphases omitted.)). And the record supports the post-conviction court's implicit finding that the evidence that petitioner contends trial counsel should have discovered with reasonable investigation would not have resulted in a better plea offer from the state. *Cunningham v. Thompson*, 186 Or App 221, 229-31, 62 P3d 823, *adh'd to on recons*, 188 Or App 289, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004) (record supported post-conviction court's implicit finding that prosecutor would not have offered a better plea if petitioner's counsel had submitted the results of a polygraph). We therefore conclude that the post-conviction court did not err when it determined that petitioner had not established prejudice on her claims that trial counsel was ineffective and inadequate in failing to conduct a reasonable investigation.

*Petitioner's fifth assignment of error.* We turn to petitioner's fifth assignment of error, in which she contends that "the post-conviction court erred when it denied relief on petitioner's claim that trial counsel was ineffective and inadequate for failing to use an interpreter when discussing with petitioner the decision to plead guilty and for failing to provide petitioner with a translated copy of the plea

petition." Petitioner asserts that, because trial counsel was ineffective and inadequate in that way, her plea was not knowing, intelligent, and voluntary.

The post-conviction court determined that "no evidence was provided to support this claim." And even assuming that trial counsel's performance was inadequate, we conclude that petitioner did not establish prejudice: As an initial matter, petitioner was actively involved in plea negotiations, trial counsel discussed the plea in detail with petitioner, and trial counsel averred that petitioner understood him adequately when unaided by an interpreter.

Moreover, an interpreter was present at petitioner's plea hearing. And at that hearing, petitioner confirmed to the trial court that she "read the plea petition [or] had it translated into her native language," that she "under[stood] the plea petition," that she had "an adequate opportunity to review the plea petition, *** court processes, and [her] decision to enter a guilty plea with [her] attorney," and that she "understood what it is [she] was doing by pleading guilty to two counts of assault in the second degree." She also confirmed that she did not "need more time to speak" with her attorney before the court accepted her guilty pleas and that she was "in fact guilty of two counts of assault in the second degree as domestic violence offenses." Based on those responses, the trial court accepted petitioner's guilty plea.

Finally, petitioner did not produce evidence that she was confused about any of the specific rights that she was waiving by entering a plea or about the specific terms of the plea itself. *See Wilson v. Armenakis*, 144 Or App 587, 589, 928 P2d 354 (1996), *rev den*, 324 Or 560 (1997) (rejecting post-conviction petitioner's claim that his plea was not knowing and voluntary, where post-conviction court found that the "petitioner executed a plea petition that set out the rights that he was waiving," that "trial counsel read the petition to petitioner before he entered his guilty plea," and that, "before accepting the plea, the trial court assured itself that petitioner's plea was knowing, voluntary and intelligent").

Affirmed.