Submitted August 13, affirmed September 16, petition for review allowed December 10, 2015 (358 Or 449)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**DOUGLAS WAYNE SOKELL,**
*Defendant-Appellant.*

Washington County Circuit Court
C131532CR; A156133

362 P3d 251

John J. Tyner, III, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

## LAGESEN, J.

Defendant was convicted of, among other things, one count of sexual abuse in the first degree, ORS 163.427, for rubbing the buttocks of an eight-year-old girl whom he encountered in a public library; the touching went on for several minutes, ending when the victim's mother spotted defendant and he fled. Defendant had been sentenced twice before for other felony sex crimes: once in 1996, for first-degree sexual abuse (defendant touched the breast of a 12-year-old girl at a store), and once in 2012, for attempted first-degree sexual abuse (defendant rubbed a 7-year-old girl on her side under her dress but over her swimming suit). As a result, the trial court sentenced defendant to life imprisonment under ORS 137.719(1),[1] which provides for life sentences for certain recidivist sex offenders. On appeal, defendant assigns error to the imposition of that sentence. He contends that the trial court erred in three respects: (1) by considering his conviction of attempted first-degree sexual abuse as a qualifying predicate sex crime under ORS 137.719(1); (2) by failing to find "substantial and compelling reasons" to downwardly depart from the presumptive life sentence, as authorized by ORS 137.719(2); and (3) by concluding that the presumptive life sentence did not violate the proportionality provision of Article I, section 16, of the Oregon Constitution. We affirm.

---

[1] ORS 137.719 provides:

"(1) The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence.

"(2) The court may impose a sentence other than the presumptive sentence provided by subsection (1) of this section if the court imposes a departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons.

"(3) For purposes of this section:

"(a) Sentences for two or more convictions that are imposed in the same sentencing proceeding are considered to be one sentence; and

"(b) A prior sentence includes:

"(A) Sentences imposed before, on or after July 31, 2001; and

"(B) Sentences imposed by any other state or federal court for comparable offenses.

"(4) As used in this section, 'sex crime' has the meaning given that term in ORS 181.805."

The trial court did not err when it counted defendant's conviction for attempted first-degree sexual abuse as a prior sex crime for the purposes of ORS 137.719. Under the statute, "'sex crime' has the meaning given that term in ORS 181.805." ORS 137.719(4). And under ORS 181.805, "sex crime" includes "[s]exual abuse in any degree" as well as "[a]ny attempt to commit" sexual abuse in any degree. ORS 181.805(5)(d), (w).

The trial court also did not err when it did not find substantial and compelling reasons to downwardly depart from the presumptive sentence. The record before the trial court does not compel the finding that such reasons existed.

Finally, the trial court was correct to reject defendant's contention that ORS 137.719's presumptive life sentence, as applied to defendant, violated Article I, section 16. Article I, section 16, commands that: "all penalties shall be proportioned to the offense." A sentence's duration is not "proportioned to the offense" when the length of the sentence would "shock the moral sense of all reasonable [persons] as to what is right and proper under the circumstances." *Sustar v. County Court for Marion Co.*, 101 Or 657, 665, 201 P 445 (1921); *State v. Wheeler*, 343 Or 652, 668, 175 P3d 438 (2007) (reiterating the *Sustar* standard); *see also State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009) (identifying factors to consider when assessing proportionality under Article I, section 16). That standard permits the imposition of "lengthy sentences, including life imprisonment, as a response to recidivism." *Wheeler*, 343 Or at 679. Under it, a "court will hold a sentence unconstitutional * * * only in rare circumstances." *Id.* at 671.

Consistent with the Supreme Court's counsel that a sentence will be invalid under Article I, section 16, "only in rare circumstances," the Supreme Court and we generally have sustained life sentences imposed on recidivist sex offenders (including sentences under ORS 137.719) against Article I, section 16, challenges, both facial and as applied. *Wheeler*, 343 Or at 678-80; *Jensen v. Gladden*, 231 Or 141, 144-47, 372 P2d 183 (1962); *State v. Meyrovich*, 204 Or App 385, 392-93, 129 P3d 729, *rev den*, 340 Or 673 (2006). However, in a recent case involving the imposition of a life

sentence under ORS 137.719 on a conviction for public indecency, we concluded that such rare circumstances were present, and invalidated the sentence under Article I, section 16. *State v. Davidson*, 271 Or App 719, 745, 353 P3d 2 (2015). We reasoned that the life sentence under the circumstances present in that case was constitutionally disproportionate because (1) all of the defendant's sex crime convictions were for the low-level offense—as compared to other sex offenses—of public indecency; (2) given the defendant's relative youth (34 years old), the life sentence likely could end up being four times the length of the guidelines sentence otherwise applicable; (3) the defendant would have been subject to more lenient sentences had he engaged in a series of offenses involving substantially more egregious conduct; and (4) the defendant's overall criminal history did "not involve sexual offenses, conduct with sexual overtones, or sexual behavior involving forcible compulsion." *Id.* at 735-45.

This case falls in line with those in which the Supreme Court and we have concluded that such rare circumstances do not exist. Defendant's offenses—both the one at issue in this case and the two predicate sex offenses—were serious. He touched, or attempted to touch, children in a sexual way. Although defendant argues that his conduct was not grave, pointing out that there are more harmful ways in which he could have touched his victims, the fact that defendant could have touched his victims in more intrusive ways than he did does not diminish the gravity of the harm caused by defendant's actual conduct. On that point, we note that the record reflects that defendant's conduct severely traumatized his 8-year-old victim, changing the course of her childhood in fundamental ways.

Defendant's sentence also does not "shock the moral sense" when viewed in relation to the sentence that he would have received absent ORS 137.719. Were ORS 137.719 not applicable to defendant, defendant would have been sentenced to 75 months under Measure 11. ORS 137.700(2)(a)(P). Although 75 months, in theory, could be shorter than a life sentence for defendant, it also could be longer. *See Davidson*, 271 Or App at 740-41 (assuming that the defendant would live to age 70, in order to compare length of life sentence with length of otherwise applicable sentence for public indecency).

In contrast with the defendant in *Davidson*, who was 34 at the time of sentencing, defendant was 71 years old at the time of sentencing—a fact that inevitably will decrease any differential between the life sentence that defendant received under ORS 137.719 and the otherwise-applicable Measure 11 sentence.

Defendant's criminal history provides the strongest confirmation that this case is within the range of cases in which the life sentence under ORS 137.719 does not violate Article I, section 16. For present purposes, defendant's criminal history includes not only prior convictions, but also arrests, unadjudicated charges, and other uncharged misconduct. *Davidson*, 271 Or App at 744. As noted, defendant has two prior convictions for engaging in the same or similar conduct—sexually touching or attempting to sexually touch a child. Although defendant does not have other prior convictions, he does have extensive uncharged misconduct that resembles the conduct that led to his convictions. While defendant was on post-prison supervision in connection with the 1996 conviction, he repeatedly was sanctioned (including with significant jail time) for violating the terms of his supervision by making contact with minors. In the same time period, he admitted that, before his arrest for the 1996 offense, he regularly sought out girls between the ages of seven and 12 and touched them inappropriately, estimating that he had more than 100 victims. At one point, defendant admitted to having forcibly raped a 10-year-old girl in 1980 in Colorado.

In the light of all those circumstances, we are not persuaded that this case is a "rare" one in which Article I, section 16, prohibits the imposition of the life sentence prescribed by the legislature to protect the public from defendant's recidivism.

Affirmed.