392 September 22, 2016 No. 63

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent on Review,*

*v.*

DOUGLAS WAYNE SOKELL,
*Petitioner on Review.*

(CC C131532CR; CA A156133; SC S063607)

En Banc

On review from the Court of Appeals.*

Argued and submitted May 9, 2016.

John J. Tyner, Hillsboro, argued the cause and filed the brief for petitioner on review.

Rolf C. Moan, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

BREWER, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

_____

* On appeal from Washington County Circuit Court, Andrew Erwin, Judge. 273 Or App 654, 362 P3d 251 (2015).

**BREWER, J.**

Defendant seeks review of a sentence of life imprisonment without the possibility of parole, imposed pursuant to ORS 137.719(1), for a conviction for first-degree sexual abuse. Defendant argues that, as applied to his circumstances, the sentence is unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution, which provides in part that "all penalties shall be proportioned to the offense." The Court of Appeals rejected that challenge, *State v. Sokell*, 273 Or App 654, 362 P3d 251 (2015), and defendant petitioned for review, which we allowed.[1] For the reasons explained below, we affirm the judgment of the circuit court and the decision of the Court of Appeals that the sentence did not violate Article I, section 16.[2]

## I.  FACTS AND PROCEDURAL HISTORY

### A.  *Current Conviction*

The crime for which defendant stands convicted in the present case is first-degree sexual abuse, ORS 163.427, based on a charge that defendant subjected a child under the age of 14 to sexual contact by touching her buttocks and hips. The offense took place at a public library in Hillsboro in 2011. The victim, an eight-year-old girl, was looking at books when defendant, a stranger, approached her and talked to her about books. He then stroked the victim on the buttocks and hips for several minutes, over her clothing, and fled when her mother approached. Police obtained a video from the library that showed the suspect, but they were unable to determine his identity at that time. The following summer, defendant returned to the children's section of the

---

[1] Defendant also argues that the trial court erred in admitting into evidence parts of a presentence investigation report that contained hearsay and that the sentence violates the Eighth Amendment to the United States Constitution. However, defendant did not raise those arguments in the Court of Appeals; we therefore do not consider them. *See* ORAP 9.20(2) (questions before the Supreme Court include all questions that were properly before the Court of Appeals that the petition or response claim were incorrectly decided).

[2] As an initial matter, we note that the disproportionality challenge raised by defendant is reviewable. *See State v. Althouse*, 359 Or 668, 678, 375 P3d 475 (2016) (holding that ORS 138.222(2)(a) does not preclude review of sentence of life imprisonment without possibility of parole imposed pursuant to ORS 137.719); *State v. Davidson*, 360 Or 370, ___ P3d ___ (2016) (same).

same library, and an employee recognized him as the suspect and was able to photograph his vehicle's license plate, after which the police identified defendant as the suspect. Based on that evidence, a jury convicted defendant of the charged offense.

The state presented evidence at sentencing that the victim was traumatized by the crime, was unwilling to be out of the presence of her parents, needed to be home schooled for a significant period of time after the crime was committed, and was unable to sleep in her own bed alone for approximately two years after the crime.

B.  *Other Convictions*

At defendant's sentencing in this case, the following evidence was adduced concerning his criminal history. In 1996, defendant was convicted of first-degree sexual abuse. In that case, defendant approached a 12-year-old child in a store and asked her to try on a backpack that he said he was considering purchasing for his niece. As the child tried on the backpack, defendant adjusted the shoulder straps and then stroked and squeezed the child's breasts. He was apprehended at the store and admitted that he had deliberately touched the child's breasts. That conviction resulted in a 75-month prison sentence.

While defendant was on supervision after serving his prison sentence for the 1996 offense, he failed several polygraph examinations and served a jail sanction for having contact with a minor. The Board of Parole and Post-Prison Supervision designated him as a predatory sex offender in 2003. While on supervision, defendant told his parole officer that he had committed similar offenses in another state, targeting victims who were between seven and 12 years of age. He admitted during a polygraph examination that he had forcibly raped a 10-year-old girl in 1980. He told his therapist that he had had more than 120 underage victims and that he had sodomized a female hitchhiker at knifepoint in the 1970s. He told another mental health professional during an evaluation that, in the 1990s, he had approached young girls in stores with the pretense of having them try something on, so that he could touch them. Defendant received sex offender treatment three times between 1983 and 2005,

when he most recently completed treatment. Despite his completion of a program in 2005, he was still considered to be at high risk of re-offending, given his history.

In June 2012, before he was apprehended for the crime at issue here, defendant committed a similar offense in a public library in Newport. He approached a seven-year-old girl and asked her to help him find a book. He then put his hand under her dress and rubbed his hands on her sides and crotch area, and told her that rubbing her was a "good feeling." A librarian saw defendant with his hand up the girl's dress and, as defendant was leaving, alerted other people in the library to stop him. Defendant was apprehended and convicted of attempted first-degree sexual abuse based on that incident, for which he was sentenced to 18 months' imprisonment.

C.  *Sentence and Appeal*

Based on the foregoing evidence and his conviction for the current offense, the trial court sentenced defendant to the presumptive sentence established by ORS 137.719(1)— life imprisonment without the possibility of parole. On appeal, defendant argued that, in light of asserted mitigating circumstances, the trial court should have imposed a downward departure sentence pursuant to ORS 137.719(2) and that the imposition of the presumptive sentence under ORS 137.719(1) violated Article I, section 16. As noted, the Court of Appeals rejected those arguments, and defendant petitioned for review, which we allowed.

## II.  ANALYSIS

ORS 137.719 provides:

"(1)  The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence.

"(2)  The court may impose a sentence other than the presumptive sentence provided by subsection (1) of this section if the court imposes a departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons.

"(3)   For purposes of this section:

"(a)   Sentences for two or more convictions that are imposed in the same sentencing proceeding are considered to be one sentence; and

"(b)   A prior sentence includes:

"(A)   Sentences imposed before, on or after July 31, 2001; and

"(B)   Sentences imposed by any other state or federal court for comparable offenses.

"(4)   As used in this section, 'sex crime' has the meaning given that term in ORS 163A.005."

In *Althouse*, 359 Or 668, we set out a framework for the evaluation of as-applied proportionality challenges to sentences imposed pursuant to ORS 137.719(1). We explained that the factors identified by this court in *State v. Rodriguez/Buck*, 347 Or 46, 217 P3d 659 (2009), are to be considered:

"'(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant.'"

*Althouse*, 359 Or at 684 (quoting *Rodriguez/Buck*, 347 Or at 58). We went on to observe that, where a challenged sentence was imposed pursuant to a recidivist statute such as ORS 137.719, the first and third *Rodriguez/Buck* factors are considered together. *Althouse*, 359 Or at 685. We thus initially examine the gravity of defendant's crime as compared to the severity of the penalty, and defendant's criminal history.

Considering those initial factors, defendant argues that a life sentence without the possibility of parole for his current offense is unconstitutionally disproportionate. Relying on *Rodriguez/Buck*, defendant asserts that the degree of harm caused by first-degree sexual abuse is less than the typical harm caused by other sex offenses that are subject to ORS 137.719(1), such as forcible first-degree rape. He also argues that three mitigating factors— somewhat related to his criminal history—indicate that his sentence is disproportionate. First, he asserts that

his status as a Vietnam-era military veteran is a mitigating factor.[3] He further argues that the fact that his three sexual abuse convictions occurred over a span of 17 years should be regarded as a mitigating factor, as should his advanced age (he was 69 years old when he committed the two most recent offenses). Finally, defendant notes, as we recognized today in *State v. Davidson*, 360 Or 370, 387, __ P3d __ (2016), that the penalty under ORS 137.719(1)—life imprisonment without the possibility of parole—is the second most severe criminal penalty available under Oregon law.

Initially, we disagree with defendant's assessment of the gravity of his current offense. Although *Rodriguez/Buck*, like this case, involved convictions for first-degree sexual abuse, and this court held that mandatory minimum sentences imposed pursuant to ORS 137.700 were unconstitutionally disproportionate under the circumstances there, that case does not stand for the proposition that first-degree sexual abuse should be regarded as a minor sex offense. The convictions in those cases involved fleeting touching—not including fondling—of young teens over their clothing. 347 Or at 50-52, 70. The court noted that the offense of first-degree sexual abuse encompasses a "wide swath of conduct" that can result in varying degrees of harm. *Id.* at 69-70. The court contrasted the defendants' conduct in those cases to circumstances in which there was touching of a younger child or where there was deliberate or persistent rubbing or fondling. *Id.* at 72.

Defendant's conduct in this case bears little resemblance to the conduct at issue in *Rodriguez/Buck*. While it is possible that, under some circumstances, first-degree sexual abuse might not cause extremely serious harm to a victim, that is not the circumstance here. Defendant's victim was a young child whom he targeted while she was in a public library, then fondled on the buttocks and hips for several minutes. The state presented evidence that the victim suffered from severe trauma that affected her school and home life for years after the abuse occurred. In short, we disagree with defendant's assertion that the gravity-of-the-offense

---

[3] Defendant does not elaborate on the relevance of that circumstance.

factor identified in *Rodriguez/Buck* weighs in his favor in a disproportionality analysis.

Because defendant was sentenced under a recidivist statute, we also attach considerable significance to his criminal history. *See Davidson*, 360 Or at 382. That is so because the constitutionality of an enhanced sentence based on recidivism depends, in part, on the "'seriousness of repetitive sexual conduct'" and "'the danger that it forecasts for others unless the defendant is segregated from society.'" *Althouse*, 359 Or at 586 (quoting *Jensen v. Gladden*, 231 Or 141, 144-45, 372 P2d 183 (1962)). In *Althouse*, we rejected a proportionality challenge by a defendant who was sentenced under ORS 137.719(1) for public indecency, which we acknowledged could be viewed as "not as serious as some other sex crimes." 359 Or at 687. We nevertheless upheld the presumptive true-life sentence imposed in that case, in light of the defendant's significant history of sexual abuse, sodomy, and public indecency, much of which involved and targeted child victims. *Id.*

This case, like *Althouse*, features a defendant who has an extensive history of committing sexual abuse offenses against young children, and each of his offenses included fondling of the victim's private parts. Despite the considerable sex offender treatment that defendant has received over the course of several decades, he has continued to re-offend. Rather than mitigate the circumstances of his current offense, the passage of time and defendant's advancing age have failed to diminish the danger that he poses to children; as noted, defendant was 69 years old when he committed each of his last two felony sex crimes. Contrary to defendant's view, we conclude that his criminal history and the circumstances of his current crime indicate that he would pose a significant danger to children in the community if he is not segregated from society.

The remaining *Rodriguez/Buck* factor involves comparison of the penalty here with penalties imposed for other, related crimes. 347 Or at 58. Crimes that are relevant to our analysis include other offenses designated as "sex crimes" that are subject to enhanced sentences under ORS 137.719(1), as well as the offenses identified as sexual

offenses in ORS chapter 163. *See Davidson*, 360 Or at 388-90; *Rodriguez/Buck*, 347 Or at 64-65. An extensive reiteration of the penalties for other sex offenses under Oregon law is not required here, in light of our previous decisions that have discussed those penalties at length. *See, e.g., Davidson*, 360 Or at 388-90; *Althouse*, 359 Or at 690-91; *Rodriguez/Buck*, 347 Or at 74-76. Suffice it to say that the penalties for committing physical sexual offenses against young child victims are uniformly significant under Oregon law, generally carrying mandatory minimum sentences under ORS 137.700 and being ranked in the highest three crime categories under the Oregon Sentencing Guidelines. *See, e.g.*, OAR 213-017-002 - 213-017-0011.

As defendant observes, and as was the circumstance in *Althouse*, the sentence imposed in this case is the second harshest criminal penalty under Oregon law. However, in light of the circumstances of defendant's current offense and his history of committing similar offenses against other young children, we conclude that the sentence of life imprisonment without the possibility of parole that the trial court imposed pursuant to ORS 137.719(1) is not disproportionate under Article I, section 16.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.