Submitted November 5, affirmed December 23, 2020, petition for review denied April 22, 2021 (368 Or 37)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# DALE ARNOLD BUCKENDAHL,
*Defendant-Appellant.*

## Multnomah County Circuit Court
### 17CR79664; A170286

480 P3d 325

For placing his hand under the skirt of a third-grade student and rubbing her upper thigh up to her underwear, defendant was convicted of one count of first-degree sexual abuse, ORS 163.427. At sentencing, defendant argued that the imposition of the mandatory 75-month sentence under ORS 137.700(2), as applied to him, would be unconstitutionally disproportionate in violation of Article I, section 16, of the Oregon Constitution. The trial court noted evidence of defendant's past misconduct with other students and defendant's role as a teacher before rejecting defendant's argument and imposing the mandatory sentence. Defendant appeals, assigning error to the trial court's imposition of the sentence and renewing his contention that it is unconstitutionally disproportionate. *Held*: The trial court did not err in imposing the mandatory sentence. Given the age of the victim, the harm she suffered, defendant's position as a teacher, and the evidence of defendant's past misconduct, the sentence in this case was not "so disproportionate, when compared to the offense, so as to 'shock the moral sense' of reasonable people." *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009).

Affirmed.

Kelly Skye, Judge.

Bear Wilner-Nugent filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Daniel Norris, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Haselton, Senior Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Defendant appeals a judgment of conviction for one count of first-degree sexual abuse, ORS 163.427. He assigns error to the trial court's imposition of the mandatory 75-month sentence under ORS 137.700(2)(a)(P) (2019),[1] contending that, as applied to him, it is unconstitutionally disproportionate in violation of the proportionality provision of Article I, section 16, of the Oregon Constitution. Reviewing for legal error, *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017), we affirm.

Defendant's conviction resulted from his conduct of placing his hand under the skirt of a third-grade girl and rubbing her upper thigh up to her underwear. Defendant was a substitute teacher for the victim's class at the time. As described by the victim at trial, the incident involved defendant rubbing her leg, placing his hand under her skirt and under the shorts that she was wearing underneath her skirt. Then, according to the victim, defendant put his hand into her underwear and began to "drag his fingers around [her] vagina." The incident took place in the classroom while students were sitting around a table reading; defendant's conduct took place under the table. To try to get away from defendant's touch, the victim "tried to move and reposition" herself, but defendant left his hand in place. The victim eventually asked if she could "go get water or go to the bathroom or something" to get away but was not able to do so. The victim "kept moving" and defendant eventually "just took his hand out." Defendant's touching of the victim's thigh "didn't feel right" to her; it felt "intimate" and "too personal."

The victim did not disclose defendant's conduct to adults right away. A few years later, when she was in sixth grade, she began cutting herself. During a counseling

---

[1] At the time of sentencing, the mandatory sentence for first-degree sexual abuse was located in ORS 137.700(2)(a)(P). As a result of amendments, it is now located in ORS 137.700(2)(a)(Q). *See* Or Laws 2019, ch 635, § 10. The mandatory sentence for first-degree sexual abuse remains the same, and because the amendment does not affect our analysis, we refer to the current version of the statute in this opinion.

session with a school counselor, she told the counselor about defendant's conduct.[2]

Based on the classroom incident, the state charged defendant with two counts of first-degree sexual abuse. Count 1 alleged that defendant committed sexual abuse by touching the victim's vagina; Count 2 alleged that defendant committed sexual abuse by touching the victim's leg. The case was tried to a jury, which acquitted defendant on Count 1 and convicted on Count 2.

At sentencing, defendant argued that the mandatory 75-month sentence under ORS 137.700 would be unconstitutionally disproportionate as applied to him. The trial court rejected that argument. Noting that the critical inquiry is "whether a sentence is so disproportionate when compared to the offense so as to shock the moral sense of reasonable people," the court focused on the particular circumstances of the conduct of which the jury found defendant guilty:

> "We're not just looking at a touching of a leg in a vacuum, we're looking at the touching of a leg in the context of a nine-year-old school child, placing his hand underneath her skirt and, you know, by a teacher in a school."

The trial court also noted that, although defendant did not have a prior criminal history, defendant had been the subject of an investigation by the Teacher Standards and Practices Commission (TSPC) for having "inappropriate relations with students."[3] The TSPC proceeding led to a stipulated suspension and probation for defendant. Although the court had excluded evidence of those prior incidents from defendant's trial, it noted that it had heard "quite a bit of testimony" about those incidents, and that those incidents were "influential" in its determination that defendant's sentence

---

[2] The evidence at trial reflected that the victim told some peers about the incident shortly after it occurred but, as the victim acknowledged, she only told them that defendant had touched her leg and did not tell them that he had touched her vagina.

[3] During pretrial proceedings, the trial court heard extensive evidence of defendant's past misconduct with other students. The court ultimately concluded that that evidence should not be included for the jury's consideration, but it took that evidence into account when considering whether defendant had shown that his sentence was unconstitutionally disproportionate as applied.

was not unconstitutional. The court observed, based on the evidence that it had heard, that the TSPC "may not have caught this one correctly." That evidence that the court received included testimony from the women who had been involved in the incidents that led to the investigation about how defendant had touched them when they were in middle school. One woman testified that defendant hugged her in a way that made her uncomfortable and that the hug "ended in him kind of running his hand down my back and touching my butt." Another woman testified that defendant had tickled her inappropriately and, one time, had her lay down so he could draw an outline of her body, during which defendant "kind of paused at my groin area."

On appeal, defendant reiterates the argument that he made below. He emphasizes that his conduct involved touching the victim's leg, and his lack of criminal history, contending that, under those circumstances, the legislatively prescribed sentence is disproportionate under Article I, section 16. In so doing, he urges us to conclude that his conduct is much like that at issue in *State v. Rodriguez/Buck*, 347 Or 46, 58, 79, 217 P3d 659 (2009), in which the Supreme Court held that the ORS 137.700 sentence for first-degree sexual abuse was unconstitutional as applied to the defendants in that case, given the nature of the sexual contact at issue. We disagree that this case involves the "rare circumstances" that allow for the conclusion that the legislature's choice of sentence is disproportionate. *State v. Wheeler*, 343 Or 652, 670, 175 P3d 438 (2007).

Under the Supreme Court's case law, as the trial court correctly recognized, the application of a legislatively specified penalty violates the proportionality clause of Article I, section 16, only if the penalty "is so disproportionate, when compared to the offense, so as to 'shock the moral sense' of reasonable people." *Rodriguez/Buck*, 347 Or at 58. Three factors, among possibly others, bear on that determination:

> "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant."

*Id.* For purposes of this analysis, "criminal history includes not only prior convictions, but also arrests, unadjudicated charges, and other uncharged misconduct." *State v. Sokell*, 273 Or App 654, 658, 362 P3d 751 (2015) (*Sokell I*), *aff'd*, 360 Or 392, 380 P3d 975 (2016) (*Sokell II*).

Although defendant argues otherwise, his touching of the victim's leg does not resemble the type of touching that the Supreme Court concluded was not particularly severe in *Rodriguez/Buck*. Much as was the case in *Sokell II*, in which the Supreme Court rejected a similar argument that the defendant's conduct of stroking the eight-year-old victim "on the buttocks and hips for several minutes, over her clothing," was not severe because, in the defendant's view, it was like the conduct in *Rodriguez/Buck*, this case involved the stroking of nine-year-old girl on her upper leg. *Sokell II*, 360 Or at 393, 396. For reasons similar to those articulated by the Supreme Court in *Sokell II*, this conduct is grave:

> "Initially, we disagree with defendant's assessment of the gravity of his current offense. Although *Rodriguez/Buck*, like this case, involved convictions for first-degree sexual abuse, and this court held that mandatory minimum sentences imposed pursuant to ORS 137.700 were unconstitutionally disproportionate under the circumstances there, that case does not stand for the proposition that first-degree sexual abuse should be regarded as a minor sex offense. The convictions in those cases involved fleeting touching—not including fondling—of young teens over their clothing. The court noted that the offense of first-degree sexual abuse encompasses a 'wide swath of conduct' that can result in varying degrees of harm. The court contrasted the defendants' conduct in those cases to circumstances in which there was touching of a younger child or where there was deliberate or persistent rubbing or fondling.

> "Defendant's conduct in this case bears little resemblance to the conduct at issue in *Rodriguez/Buck*. While it is possible that, under some circumstances, first-degree sexual abuse might not cause extremely serious harm to a victim, that is not the circumstance here. Defendant's victim was a young child whom he targeted while she was in a public library, then fondled on the buttocks and hips for several minutes."

*Id*. at 397 (quoting *Rodriguez/Buck*, 347 Or at 69-70 (internal citations omitted)). In fact, defendant's conduct here appears graver than that which the court deemed grave in *Sokell II*: Defendant reached under the nine-year-old victim's skirt, did so in a classroom, a place that should have been safe for her, while defendant was a teacher, someone she should have been able to trust not to harm her. And, as in *Sokell II*, there is evidence in the record that the victim was traumatized by the incident. *Id*.

The other *Rodriguez/Buck* factors likewise support the determination that defendant's case does not present the rare circumstances that would allow for the conclusion that the statutory sentence is unconstitutionally disproportionate. Regarding defendant's criminal history, although defendant did not have previous convictions for sexual conduct with children, he did have uncharged misconduct that the trial court took evidence on at a pretrial hearing. *Sokell I*, 273 Or App at 658 (noting that criminal history for this purpose includes uncharged misconduct). Specifically, defendant was professionally disciplined for inappropriate conduct with young students and that conduct included inappropriately touching middle school girls in ways that made them uncomfortable. Yet, as the trial court noted, having been disciplined for such conduct, defendant nonetheless persisted in it by touching the victim the way that he did. This undercuts the conclusion that the legislatively prescribed sentence is too long given the circumstances of this particular defendant.

Finally, regarding the penalties for other comparable offenses, we again echo the Supreme Court in *Sokell II*:

"Suffice it to say that the penalties for committing physical sexual offenses against young child victims are uniformly significant under Oregon law, generally carrying mandatory minimum sentences under ORS 137.700 and being ranked in the highest three crime categories under the Oregon Sentencing Guidelines."

360 Or at 399.

Affirmed.