Submitted October 19, 2020; conviction on Count 2 reversed and remanded, remanded for resentencing, otherwise affirmed February 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENNIS RAY HOWIE,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR09383; A167487

480 P3d 325

Cheryl A. Albrecht, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Dennis Ray Howie filed the supplemental and reply briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was found guilty by jury verdict on one count of first-degree assault (Count 2), ORS 163.185, and one count of felon in possession of a firearm (Count 3), ORS 166.270. The jury was unanimous as to Count 3, but it was not unanimous as to Count 2. Defendant argues on appeal that the trial court erred in numerous respects at trial and erred in imposing the sentence on Count 2. We reject without discussion all of defendant's arguments concerning trial except his argument that the court plainly erred in instructing the jury that it need not reach unanimous verdicts. The state concedes that defendant's conviction based on the nonunanimous verdict must be reversed in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree and accept the concession, and we exercise discretion to correct the error for the reasons set forth in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020). Our reversal of defendant's conviction on Count 2 obviates the need to consider his challenge to his sentence on that count. Defendant also argues that his conviction by unanimous verdict on Count 3 should be reversed based on the erroneous nonunanimous verdict instruction. We reject that argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), and *State v. Kincheloe,* 367 Or 335, 478 P3d 507 (2020), in which the court concluded that the erroneous nonunanimous jury instructions were harmless with respect to unanimous verdicts.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.