196 January 10, 2024 No. 24

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AIRIAN JOVAN MISURACA,
*Defendant-Appellant.*

Washington County Circuit Court
19CR28616; A177061

Erik M. Bucher, Judge.

Submitted June 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Airian Misuraca filed the supplemental briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for five counts of first-degree rape, eight counts of first-degree sodomy, and three counts of first-degree sexual abuse, all arising from acts he committed against his stepdaughter, J, when she was seven and eight years old. For the reasons that follow, we reject defendant's three assignments of error raised through counsel and four *pro se* assignments of error. We therefore affirm.

*First Assignment of Error.* In defendant's first assignment of error, he contends that the trial court erred in excluding as irrelevant evidence concerning "the existence of an alternative suspect," specifically, that a third party had been accused of sexually abusing J's stepbrother and that J lived with that third party for a short time after she was removed from defendant's home. We review a trial court's determination of relevance for legal error, *State v. Montgomery*, 327 Or App 655, 663, 536 P3d 627 (2023), and conclude that the proffered evidence was not relevant.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401. Under that provision, "[e]vidence is relevant so long as the inference desired by the proponent is reasonable, even if the evidence also could support a contradictory inference." *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). Defendant's theory of relevance was that J mistakenly identified defendant as the perpetrator of the sexual offenses and that the third party was the actual perpetrator. But defendant's proffered evidence that, after she was removed from defendant's home, J lived with a man who had been accused of sexually abusing another child did not support a reasonable inference that the third party had the opportunity or means to commit the charged offenses, which were alleged to have occurred in defendant's home while J lived with defendant. Further, absent additional evidence that the third party shared personal characteristics with defendant, the proffered evidence did not support a reasonable inference that J mistakenly identified defendant as the perpetrator. *Cf.*

*State v. Ventris*, 164 Or App 220, 991 P2d 54 (1999) (evidence that a third party had the motive, opportunity, and means to murder the victim was relevant to the defense theory of mistaken identity); *State v. Rodriguez*, 115 Or App 281, 840 P2d 711 (1992) (evidence of a contemporaneous drug transaction involving a suspect who matched the defendant's description was relevant to the defense theory of mistaken identity). We therefore reject defendant's first assignment of error.

*Second Assignment of Error.* Defendant next claims that the trial court plainly erred in allowing J's aunt, Stockdale, to vouch for J's credibility when she testified that she admonished J to "just speak the truth" and engage in "real talk" before she went to her CARES interview. Reviewing for legal error, *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019), we conclude that the trial court did not err, plainly or otherwise.

Whether testimony "constitutes impermissible vouching is measured by whether it conveys one witness's opinion of the truthfulness of another witness, or, instead, provides information that permits the jury to make that determination." *State v. Black*, 364 Or 579, 587-88, 437 P3d 1121 (2019). Stockdale's testimony that she admonished J to tell the truth in her CARES interview did not convey Stockdale's opinion that J in fact told the truth in that interview, but instead provided information that permitted the jury to make that determination. *Cf. State v. Sanchez-Jacobo*, 250 Or App 621, 631, 282 P3d 880 (2012), *rev den*, 353 Or 280 (2013) (a witness's statement that she was testifying pursuant to a plea agreement in which the court had ordered her to tell the truth did not constitute impermissible vouching). We therefore reject defendant's second assignment of error.

*Third Assignment of Error.* In his third assignment of error, defendant contends that the sentence of life in prison without the possibility of parole imposed pursuant to ORS 137.719 on each of his 16 counts of conviction is disproportionate under Article I, section 16, of the Oregon Constitution.[1] We review a proportionality challenge under

---

[1] We reject defendant's argument under the Eighth Amendment to the United States Constitution as unpreserved.

Article I, section 16, for legal error. *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017).

Article I, section 16, provides that "all penalties shall be proportioned to the offense." We consider three non-exclusive factors in determining whether a sentence is con-stitutionally proportionate to the offense: (1) how the sever-ity of the penalty compares to the gravity of the offense; (2) how the penalties for other, related offenses compare to the penalty imposed; and (3) the defendant's criminal history. *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009). When considering the proportionality of a penalty under a recidivist statute like ORS 137.719, the first and third fac-tors "overlap in comparing the severity of the penalty and the gravity of the crimes that gave rise to the *** sentence." *State v. Althouse*, 359 Or 668, 685, 375 P3d 475 (2016).

Having reviewed the facts of this case and defen-dant's criminal history, and having considered the argu-ments raised on appeal, we cannot conclude that this is one of "those rare instances" in which the enhanced sentence that the legislature authorized for a repeat offender is con-stitutionally disproportionate, even as we acknowledge that the sentence imposed in this case is the second harshest criminal penalty under Oregon law. *Althouse*, 359 Or at 684; *see also State v. Sokell*, 360 Or 392, 399, 380 P3d 975 (2016).

Pro Se *Assignments of Error.* In four *pro se* assign-ments of error, defendant argues that: (1) the prosecutor made several improper statements during closing argument that deprived him of a fair trial, (2) the state did not provide sufficient notice under OEC 803(18a)(b), (3) the trial court should have merged additional counts of conviction, and (4) the state failed to present sufficient evidence to support his convictions. We reject those claims of error because defen-dant failed to preserve them and does not seek plain-error review. *State v. Morrow*, 192 Or App 441, 444, 86 P3d 70, *rev den*, 337 Or 282 (2004) ("[P]ro se litigants are bound by the same preservation rules that bind all other parties.").

Affirmed.