No. 385　　　　　June 5, 2024　　　　　119

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYMOND MERL TURNER,
*Defendant-Appellant.*

Benton County Circuit Court
17CR16692; A180193

Matthew J. Donohue, Judge.

Submitted April 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment sentencing him for one count of first- degree sodomy, three counts of first-degree unlawful penetration, and three counts of first-degree sexual abuse. Defendant contends that the court's imposition of a 300-month sentence is unconstitutionally disproportionate under the state and federal constitutions. We affirm.

We begin with the state constitution and conclude that under the three factors outlined in *State v. Rodriguez/Buck*, defendant's sentence was not disproportionate under Article I, section 16, of the Oregon Constitution. 347 Or 46, 58, 217 P3d 659 (2009) (outlining three factors for consideration in sentence proportionality). As to the first factor, we compare the severity of the penalty and the gravity of the crime, and we conclude that defendant's conduct in abusing his great-niece multiple times when she was between four and six years old was grave. *See State v. Pardee*, 229 Or App 598, 602, 215 P3d 870, *rev den*, 347 Or 349 (2009) (upholding terms of 300 months for each count of sodomy and rape). Second, we look at a comparison of the penalties imposed for other felony sex offenses against children under 12, which carry the same sentence as was imposed here, and conclude that that factor weighs against disproportionality. *See State v. Sokell*, 360 Or 392, 399, 380 P3d 975 (2016) ("[T]he penalties for committing physical sexual offenses against young child victims are *uniformly* significant under Oregon law, generally carrying mandatory minimum sentences under ORS 137.700 and being ranked in the highest three crime categories under the Oregon Sentencing Guidelines." (Emphasis added.)). Third, defendant's criminal history indicates that the sentence was not disproportionate given defendant's multiple convictions of various sex offenses stemming from defendant's conduct towards another great-niece when she was a minor. Thus, we conclude that defendant's sentence does not shock the moral sense of reasonable people, and is proportional to his crimes under the state constitution.

For the same reasons, we conclude that defendant's sentence was not cruel and unusual under the Eighth

Amendment to the United States Constitution. *See Rodriguez/Buck*, 347 Or at 58-60 (analysis of the three factors under Article I, section 16, provides a sufficient basis to decide whether defendant's sentence was disproportionate and cruel and unusual under the Eighth Amendment to the United States Constitution).

Affirmed.