484 April 2, 2025 No. 296

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER BERT KIRKPATRICK,
*Defendant-Appellant.*

Lincoln County Circuit Court
22CR30812; A182176

Amanda R. Benjamin, Judge.

Submitted February 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for first-degree sexual abuse of his step-granddaughter. He assigns three errors: (1) that the trial court erred in denying his motion for judgment of acquittal; (2) that the statutorily required 75-month prison sentence is unconstitutional as applied to him; and (3) that the trial court erred in imposing a 10-year post-prison supervision term. We do not reach the third assignment of error because it is moot. As to the first and second assignments of error, we affirm.

Defendant first assigns error to the denial of his motion for judgment of acquittal (MJOA). In reviewing the trial court's denial of an MJOA, we view the facts in the light most favorable to the state, asking whether "the state presented sufficient evidence from which a rational trier of fact, making reasonable inferences, could find the essential elements of the crime beyond a reasonable doubt." *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (internal quotation marks omitted). Defendant argues that, because the evidence only shows that he touched his step-grand-daughter's vagina over her clothes while engaging in play, the evidence was insufficient to establish that he touched her for a sexual purpose, an essential element of the crime of first-degree sexual abuse.

A reasonable trier of fact could infer that defendant's conduct was for the purpose of "arousing or gratifying the sexual desire of either party," ORS 163.305(5). Sexual purpose may be inferred when the contact itself is sexual in nature, or from the cumulative effect of the evidence and circumstances surrounding the defendant's actions. *State v. Case*, 328 Or App 485, 500, 538 P3d 902 (2023), *rev den*, 372 Or 107 (2024); *State v. Branch*, 208 Or App 286, 289, 144 P3d 1010 (2006). Defendant's step-granddaughter, A, testified that defendant was playing with her in her bedroom, giving her a shoulder ride, when he reached up, held his hand to her vaginal area, and wiggled his fingers. There was also evidence that defendant engaged in similar conduct on multiple occasions with A and with her younger sister, K. Accordingly, the trial court did not err in denying defendant's MJOA. *See State v. D. B. O.*, 326 Or App 384, 395,

532 P3d 921 (2023) (noting that a "sexual purpose may be inferred even when the contact is brief and involves clothed intimate body parts, so long as that inference is reasonable in the context of all of the evidence"); *State v. Cockrell*, 174 Or App 442, 444, 26 P3d 169, *rev den*, 332 Or 656 (2001) (affirming conviction of first-degree sexual abuse where defendant picked up his 11-year-old niece while roughhousing and repeatedly "rubbed" her crotch area).

In his second assignment of error, defendant contends that the mandatory 75-month sentence for first-degree sexual abuse was unconstitutionally disproportionate as applied to him. We review questions of sentence proportionality for legal error. *State v. Ryan*, 361 Or 602, 615, 396 P3d 867 (2017).

A statutorily required sentence is unconstitutionally disproportionate when it "shocks the moral sense" of reasonable people. *State v. Wheeler*, 343 Or 652, 670, 175 P3d 438 (2007). The inquiry involves "at least three factors": "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009).

As to the first factor, severity of the penalty compared to gravity of the crime, the mandatory prison sentence for first-degree sexual abuse is 75-months. ORS 137.700 (2)(a)(Q). Defendant points out that his conduct falls somewhere on the less-grave end of the spectrum of the conduct described in the first-degree sexual abuse statute. However, A was particularly vulnerable: she was seven or eight years old, her parents had an acrimonious relationship involving multiple custody battles, and defendant occupied a position of trust as her de facto grandfather and frequent caregiver. There was also evidence of significant harm to A, and continuing impact on her family relationships. All of these aspects add to the gravity of the offense in this case. *See, e.g.*, *State v. Camacho-Garcia*, 268 Or App 75, 78, 341 P3d 888 (2014), *rev den*, 357 Or 164 (2015) (offense was graver because it took place in the context of "a trust relationship" with victim's de facto stepfather); *State v. Alwinger*, 236 Or App 240, 246, 236 P3d 755 (2010) (offense was graver because

"conduct was aimed at a particularly vulnerable victim"); *State v. Sokell*, 273 Or App 654, 657, 362 P3d 251 (2015), *aff'd*, 360 Or 392, 380 P3d 975 (2016) (considering trauma to the victim as relevant to gravity of the offense). Therefore, the first factor weighs towards upholding the sentence as constitutional.

As to the second factor, comparison with penalties for similar crimes, defendant points out that the same 75-month mandatory sentence applies to sexual offenses worse than the one he committed. However, the fact that Measure 11 imposes the same mandatory sentences for a broad range of sex crimes does not necessarily mean that the disproportionality rises to the level of unconstitutionality. *State v. Lara-Vasquez*, 310 Or App 99, 108-09, 484 P3d 369, *rev den*, 368 Or 561 (2021) ("[U]nless a defendant's conduct falls at the outer edge of what constitutes first-degree sexual abuse, the fact that worse conduct would be subject to the same mandatory sentence is not enough to make a 75-month sentence constitutionally disproportionate" (internal quotation marks omitted)).

The third factor also weighs against a determination of disproportionality; defendant's prior convictions and uncharged criminal conduct demonstrate a pattern of sexual abuse against children in his care, despite interventions. Considering the *Rodriguez*/*Buck* factors together, defendant's sentence is not unconstitutionally disproportionate as applied.

In defendant's third assignment of error, he contests the trial court's imposition of a ten-year post-prison supervision (PPS) term because: (1) at the sentencing hearing, the court sentenced defendant to a PPS term of 10 years minus time actually served (which would amount to less than four years); and (2) ORS 144.103 mandates a PPS term of 10 years *minus the time actually served* for convictions of first-degree sexual abuse. After this appeal was filed, the trial court issued an amended judgment that comported with ORS 144.103. Therefore, defendant's third assignment of error is moot. *Woodland v. Dept. of Rev.*, 371 Or 334, 336-37, 536 P3d 985 (2023).

Affirmed.